Good morning, Your Honors. My name is Bernadette Belica Connelly, and I'm appearing for the petitioner Mr. Noe Ramirez. I have to say that this case is probably the most unusual case I had in my career, in that we are asking this court to look at a collateral attack, so to speak, of Mr. Ramirez's crime that underlies his removal. He was convicted in California of carjacking. However, the charges under which he was charged did not comply with the statutory provisions. Specifically, the way he was charged with said that on or about May 19, 2005, in the county of Santa Clara, the crime of carjacking, where the victim is the driver of the vehicle, in violation of Penal Code Section 215, a felony was committed by Noe S. Ramirez, who did take a motor vehicle in the possession of Kevin Wu from his or her person and immediate presence and against his or her will by force or fear. However, a very specific language was omitted. Specifically, California Penal Code defines carjacking as follows. Carjacking is a felonious taking that was omitted of a motor vehicle in the possession of another from his or her person or immediate presence or from the person or immediate presence of a passenger of the motor vehicle against his or her will. And now comes language again omitted, and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear. So, the charges at stand were a non-triable offense in California. Now, did he plead to that? He pled to the charge, yes. So, is it possible in California to cure defects in the indictment or the information that are of the sort described here that is, say, gaps? At the plea, when the plea is taken, if the judge goes through the elements of the crime, including those not specified in the indictment and asks the defendant, did you do X, will that cure any defect in the indictment or information? It can cure it, Your Honor. However, there's nothing in the record that that actually happened in Lewis's case. Well, the reason I ask that is that ordinarily the I.J. is not going to, we're not going to get a collateral attack on the conviction in front of the I.J. Sometimes you can get a delay from the I.J. in order to make an independent collateral attack, get rid of it, and then come back and say that it is gone. But to have a collateral attack in front of the I.J. is available, I think the answer is, only when the conviction is invalid on its face. Yes. In fact, it's a claim that we are making. But the reason I'm asking my question is, if it's possible to cure gaps in the indictment or the information at the taking of the plea, I'm not sure this is invalid on its face because we don't know what happened at the time of taking the plea. Yes, Your Honor, we do. It was, it's actually in the record. Oh, we do now. Okay. Yes, Your Honor. Oh, I'm sorry. And if I, I can actually tell you exactly what was said. Well, did the I.J. have that in front of him? Yes, Your Honor. Okay. And specifically, actually, a Petitioner submitted that. And there is nothing that cured that. In fact, in the plea discussions, they referred to count, to count one, which was the defective count. It wasn't cured. The elements were not addressed. There was a colloquy between the court and the defense counsel, have you explained the elements. But under California case law, that colloquy is not enough to protect the defendant. And we have explained that in our brief. And so my, our position is that this, in this specific case, was right on its face. The court maybe had jurisdiction to determine its jurisdiction, like this court can in aggravated felony cases, where you can determine, yes, we have jurisdiction to decide whether it is an aggravated felony, but then don't have jurisdiction if it is an aggravated felony. That was a removal ground. Well, the government in this case draws a distinction between whether something is void or voidable. Yes. And they cited some cases standing for the proposition that in an instance like this, it may be voidable in the sense that perhaps the Petitioner can then go back to the State Court to somehow challenge this, but it's certainly not void on its face. How do you interpret those cases and its application to the facts of this case? Well, Your Honor, in this case, the offense as charged was not tribal. And the California criminal courts are charged with adjudicating cases that, that are tribal, and if there is no tribal offense, we assert that there was no jurisdiction ab initio. Well, I don't, I don't know if you can look at it as there's no tribal offense if the charging document is missing one of the elements. I think it's more of a whether there's sufficient notice of the charge under the particular penal code at issue that sets forth the requirement of notice. Now, if in California the charging document is insufficient, as it was in this case, and the defendant pleads to the charge, does he then waive the lack of adequate notice in the charging document? I would argue no, Your Honor. Do you have any cases that support that interpretation? No, Your Honor, not at this. I don't. But the remedy normally would be to go back and maybe claim ineffective assistance of counsel in the case because he was represented. However, that doesn't change the fact that in this case the California court had a non-tribal offense in front of it. And let's say, and therefore that's what, that's what I'm really trying to explore, because your contention in this particular case is that this is not a collateral challenge because you really precluded from doing that, but the I.J.'s error was that in looking at the documents before him, he had the abstract of judgment, the plea in sentencing transcript, and the judgment in commitment form, he could tell that the charge was void on its face. So that's the narrowness of your argument. Did I understand that correctly? Yes. And the reason you're claiming it's void on its face is because the charging document didn't provide sufficient notice of the elements of the offense. So in your argument, in your theory, then, then that makes it a non-tribal offense, and that's why it's void on its face. Did I get that right? It's not only that the notice was not provided. It is because it charges an offense that is not an offense contained in the California penal code. Has your client undertaken to raise a collateral challenge? Has he gone back to state court? Yes, Your Honor. And it was ironically dismissed for lack of jurisdiction because at that point, from my understanding of what the criminal attorney did, the only way to do the collateral challenge was to do what's called a 1016.5 challenge, in that the criminal court did not provide a warning of immigration consequences, and that was not the case. So when they did the motion to dismiss or change the plea, that was actually dismissed for lack of jurisdiction. And another thing I wanted to bring up is the But if it's so obvious that the conviction is invalid, not because of failure to warn of immigration consequences, but because of a mismatch between the charging document and the actual crime of which he's accused, I would have thought that anyone challenging that conviction would have challenged it on that basis. They did. They tried to. And the process is the same. But you say they lost? They lost, yes. And they lost because? The court said that this particular motion could not be filed at the time. And they said the only reason a motion could be filed at that particular time, because everything was already closed and he had not appealed, was because the 1016.5 warnings weren't given. So the court, the criminal court did not hear the motion to dismiss and change the plea and vacate. But the what had been given? It's called 1016.5 warnings, which I see my time is up. May I briefly talk to it? Please. A criminal court has to give warnings that if an alien pleads for criminal charge, that they – that that may have consequences for immigration, such as that he may be excludable or deportable or not eligible for citizenship. But one – very briefly, one further point I wanted to make is, is let's say this conviction is not void. Normally, the immigration judge does look at the charging papers in conjunction with the conviction papers. And in the charging papers as charged, that would not be an accurate attorney because the elements are missing. If Your Honor has no further questions. Thank you. Thank you. Good morning again, Your Honors. May it please the Court, we assess mercy of the Office of Immigration and Negation for the respondent. There is no question that a conviction under CPC 215 for carjacking is an aggravated felony here. Therefore, the only question that Ramirez seeks to challenge is his underlying – is whether his underlying carjacking conviction is constitutionally invalid, claiming that the Santa Clara County Superior Court was without jurisdiction to accept his plea of guilty. This challenge is a collateral challenge to the validity of the final State court criminal judgment. It is well settled that this Court cannot review such a collateral challenge in the case, but it has failed to establish that the judgment and conviction was void on its face, rather than merely voidable, as the government has argued in this brief. Let me ask you this. But that charging document was defective. Your Honors, that is a collusion. It was – it was – it was – it left out the element, the intent element. Well, Your Honors, I mean, didn't it? I'm sorry. Did it do that? Your Honors, I would – I would dispute that it was defective. But again, I think that was an – that was and is an issue for the State court. So the answer to the question is yes, it was defective. No, my answer – Of course it was defective. Whoever drafted it was not very conscientious. And that's not uncommon. Well, Your Honor, while it's missing an element, the – the question here is whether or not he pled guilty. I'm not asking you that question. I'm just asking you, and you've told me yes, that it's defective. I – I wouldn't necessarily say yes. The count here simply states – the count here states certain facts, and it states that he will be charged under – under that particular statute. The fact that it left out that particular language, it could possibly be an issue in the State court realm, but it also possibly could not be based on his plea. When his plea was taken, did the judge ask him any questions about the intent element? The judge – if you look at the – at the plea documents in the record, there are several – there are several parts of the plea where he discusses where the judge is asking him questions. So it starts out – they had, I believe, three defendants here. So there's several. They – you're moving from defendant to defendant. But he asks them first if he has discussed with the clients the elements of the offenses importantly, the possible defenses and consequences of the plea. The defendant says yes, Your Honor. It goes on, and he does discuss with him – Well, I saw that. I mean, that's there. But – He does discuss with him – When he takes the plea. He does – he says, are you pleading guilty to count 1, a felony, with understanding that you'll go to this – to prison? I'm looking at the record at page 262 and 263. Does the judge tell him that one of the elements of the offense is this intent bill? And then he asks him – Did he ask him that? He doesn't specifically mention intent. He says, is there a factual basis for this plea? Yeah, yeah. And the Petitioner argues that under the State case law that that is insufficient. Why can't you just answer my question? Did the judge, when he took Ramirez's plea, Noe Ramirez's plea, ascertain from Ramirez on the record that Ramirez understood the intent element? He did not – Okay. He did not, period. That's the end of the question. Well, he didn't necessarily ask by intent. But I should point out that it's not always necessary under a plea under the State. I know. I know, because you can get away with sloppy work. In one of the cases that the Petitioner, in fact, cites, People v. Holmes, where she lays out the fact that possibly just simply asking about the factual basis isn't sufficient, the case, in fact, says that the factual basis required by Section 1192.5 does not require more than establishing a clarified factual basis. Let me ask you this. Why don't they do it right? Then we wouldn't have this appeal. Well, certainly. Why don't they do it right? But the fact is, is that that doesn't necessarily make the conviction void. Well, I know that. I'm just asking you why they don't do it correctly. Well, certainly, you know – I mean, this is the government that sets the example. And whoever drafted this and whoever was involved in taking this plea, the government just dropped the ball. So that means that we get more appeals and we get more work, and that's job security. So I suppose we should thank you for it. Well, if this was a criminal appeal before the State court, certainly those criticisms would be valid. However, this is a question of whether or not this plea is void on its face, whether or not his conviction is void on its face. And in this case, any argument that it's void on its face is simply a collateral attack. We can speculate all we want about what the State court should or should not have done or what the prosecutor down below should have done or not done. However, the fact is, is that this plea is not void on its face. As we argued in our brief, the plea is valid for immigration purposes, and any argument that it's not is simply a collateral attack on it, which neither the board lacks jurisdiction to entertain, and so does this Court. So any speculation about what should or should not have been done at the State court level is simply irrelevant for this particular case, because the plea is not void on its face. And as the Petitioner acknowledged, they have tried to overturn the conviction, and the conviction has not been overturned. For whatever reasons that it has not been overturned, it has not been overturned, and therefore it is valid for immigration purposes. I would like to bring the Court's attention to several of its cases in which it has found that collateral attack isn't valid. And in particular, I'd like to bring the Court's attention to its case in Ortega de Robles v. INS, which we cited in our brief. And they're very similar to this particular case. The Petitioner was convicted in State court on a charge of violating the California Health and Safety Code for possession of sale of cocaine. She disputed that at the plea level, and there's actually a transcript of the plea about whether or not she had actually admitted that she was in possession of cocaine. She alleged that there was some difficulty in her understanding. She alleged that she never actually pled that she had possession of cocaine. However, the Petitioner there didn't appeal to State court, but in this case, they did appeal to State court, but simply the State court rejected the basis of their plea. However, this Court held that, essentially, that even though the Petitioner claims that her conviction is void and ambiguous, and that the INS, like in this case, did not prove her deportability because it did not produce evidence that she possessed cocaine based on the plea transcript, essentially, this Court still held that because Petitioner did not appeal her conviction, it was a final conviction. Here, they appealed. It was rejected. It is still a final conviction. Whatever speculation that we may have that should or should not have happened at the plea level, this conviction is not void. It is – if they appealed it because they thought it was avoidable on the State level, it was not overturned there. So this conviction is valid for purposes of immigration, and it is valid – and it is – it is an aggravated felony for purposes of – for immigration purposes. So on that basis, the Petitioner's – the Petitioner's – the Petitioner's argument essentially boils down to the fact that she's attempting to challenge what she could not in State court, collaterally attack what she could not in State court before this Court and before the Board of Immigration judge. This Court has said multiple times – excuse me. This Court has said a number of times that these types of collateral attacks will not be entertained because the Board and the immigration judge, that they don't have the – they cannot reguess what happened at the State court level, that these – that they shouldn't be looking at these criminal convictions again and retrying these criminal cases again at the immigration level. Once the conviction is valid – once the conviction is final, it is valid for immigration purposes. Anything else is a collateral attack unless it is void on its base, which it is not here. And I believe there's an exception also for where there was no representation of counsel below, but neither of those exceptions apply here. As the government argued, this is not a void conviction, and as such, it stands for immigration purposes. Do Your Honors have any more questions? Was there anything here that would have precluded the immigration judge to have held on to the case and given the applicant an opportunity to mount a collateral attack? Well, as we pointed out in the record, the immigration judge did investigate whether or not they were – whether or not they were seeking remedies in the State court, but – whoops, I'm sorry – about that. But the – but it was specifically stated that they had attempted the remedies in front of the State court, and they did not overturn the conviction there or have it vacated or any other sort of modification that would have – that would have immigration consequences. Was the immigration judge asked to just hold a matter of abeyance to allow the collateral attack? The – there was time allotted. The – according to the record – I just want to make sure that – according to the record – according to the record, the immigration judge did inquire into whether or not they were investigating – they were investigating options at the State court. And I'm looking at the record at page 213. So he – he goes through – he – something happened off record, and he essentially summarizes it here. And he says, we've had just – we've had just a pre-trial discussion on this matter. And Ms. Connelly has indicated to us that the superior court level in the State of California, that whatever motions were filed to try and change or modify or vacate the criminal conviction were unsuccessful. And that was on June 10, 2008. And the proceedings actually began – began – the proceedings began quite earlier, sometime in December 2007, I believe. So they were pursuing State court options, but ultimately, after he ascertained that they had exhausted whatever options were before the State court, that's when the proceedings continued here. If Your Honors have no more questions, I believe I'm very much over time at this time. Thank you. Thank you very much. All right. You want to have some rebuttal? Thank you, Your Honor. Just very briefly, and I do apologize. I realize I didn't reserve. I just wanted to say in the words of Judge Ferguson in his dissent in Mendez-Alcarez that this is and would be an unconscionable result because the Petitioner in this case was removed from the country based on the criminal conviction that we assert was void, but at the very minimum violated his procedural due process rights under the 14th Amendment of the United States Constitution. Who did you say the judge was? Ferguson. Ferguson. Ferguson. Not Ferguson. Not Ferguson, no. It wasn't you, Your Honor. Thank you so much. Yeah. Thank you. All right. This matter is submitted.
judges: Pregerson, Fletcher, Nguyen